Ruppert RILEY, et al., Appellants,

v.

Layton J. REPROGLE, et al.,
Appellants,

and

Aetna Casualty & Surety
Company, Respondents.

No. 58481.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 9, 1991.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 15, 1991.

Application to Transfer Denied
July 23, 1991.

James F. Koester, Kenneth D. Koester,
James J. Sauter, St. Louis, for appellants.

F. Douglas O'Leary, Christiana M. Rush,
St. Louis, for respondents.

## ORDER

### PER CURIAM.

The Reprogles and Riley appeal from a
declaratory judgment brought by Aetna
Casualty & Surety Company (Aetna).
Judgment was entered in favor of Aetna.
We affirm.

On December 13, 1981, Ruppert Riley
was involved in an elevator accident in a
building owned by Reprogles. On January
11, 1982, Riley filed suit against the Repro-
gles and received a judgment in his favor.
Reprogles reported the accident to Farmers
Insurance Company (Farmers) and filed
suit against Farmers. More than five
years later, and after it was judicially de-
termined Farmers was not liable for cover-
age, Reprogles claimed coverage under a
policy of insurance issued by Aetna to All-
temp Engineering, Inc., (Alltemp) a corpo-
ration in which some of the Reprogles were
interested. The Reprogles contended they
had been acting for Alltemp in cleaning up

their building when Riley was injured, and
therefore, Alltemp was responsible for the
elevator accident.

The trial court found Reprogles were not
acting for Alltemp at the time of the acci-
dent, and in the alternative, the Reprogles
had failed to give timely notice to Aetna.

The judgment of the trial court is sup-
ported by substantial evidence and is not
against the weight of the evidence. No
error of law appears. An extended opinion
would have no precedential value. How-
ever, the parties have been furnished with
a memorandum opinion for their informa-
tion only, setting forth the facts and rea-
sons for this order.

The judgment is affirmed in accordance
with Rule 84.16(b).